**Dan HART, Petitioner–Appellant,**

v.

**Kay WALTER, Respondent–Appellee.**

No. 99–35282.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2000[1].

Decided Jan. 24, 2001.

Before WALLACE, FERNANDEZ and McKEOWN, Circuit Judges[2].

ORDER

The panel withdraws the memorandum disposition filed on September 26, 2000. The attached disposition will be filed forthwith in its stead. Judge Fernandez would adhere to the previous disposition and, therefore, dissents.

Appellant's petition for panel rehearing and rehearing en banc is DENIED as moot.

MEMORANDUM[3]

Washington state prisoner Dan Hart appeals pro se the district court's denial of

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Hart's request for oral argument is, therefore, denied.

2. Judge Ferguson was erroneously listed on the September 26, 2000, memorandum disposition, instead of Judge Fernandez.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo, *see Duhaime v. Ducharme,* 200 F.3d 597, 600 (9th Cir.2000), and vacate and remand.

We granted a certificate of appealability on the sole issue of whether Hart's trial counsel was ineffective for failing to file a direct appeal. Subsequently, in *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court expressly set forth the factors to consider in determining whether a defendant received ineffective assistance of counsel when no notice of appeal was filed on his behalf. *See id.* at 1035–38 (concluding that the district court must determine whether counsel failed to follow the defendant's express instructions concerning an appeal, whether counsel consulted or reasonably chose not to consult with the defendant regarding an appeal, and whether there is a reasonable probability that, but for counsel's deficient performance, the defendant would have timely appealed).

Because the district court's findings in this case do not address these particular criteria and the record is insufficient to allow us to do so, we vacate the denial of Hart's § 2254 petition as to this claim only and remand for further proceedings consistent with *Roe. See id.* at 1040.[4]

VACATED and REMANDED.

---

4. Hart's request for supplemental briefing is denied.